IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. **PJM 11-148** |
| | * | |
| **CLARENCE RICHARDS,** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Defendant Clarence M. Richards, *pro se*, filed a Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. ECF No. 42. The Court has considered the Motion and the Government's Opposition, ECF No. 72. For the reasons that follow, the Motion is **DENIED**.

Richards' imprisonment status is due, in part, to the interplay between his state and federal sentences. On September 29, 2010, Richards engaged in conduct resulting in state charges including assault, kidnapping, and use of a handgun in a crime of violence. *See State v. Richards*, No. CT-10-14199B (Md. Cir. Ct. P.G. Cty.). A warrant was issued for Richards' arrest on these charges and, when he was located by the U.S. Marshals on October 8, 2010, he was found to be in possession of phencyclidine and a handgun, resulting in federal charges.

On February 22, 2012, and before he was sentenced in state court, Richards entered a guilty plea in federal court to possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1) ("drug offense") and possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) ("firearm offense"). The Court sentenced him to 38 months imprisonment for the drug offense and 60 months imprisonment for the firearm offense, to run consecutively for a total of 98 months. ECF No. 35. A week later, on May 25, 2012, the state court

1

sentenced Richards to 120 months imprisonment, which was to run concurrently with his federal sentence. However, following his sentencing in state court, Richards remained in state custody. As a result, his federal sentence did not begin to run, and his state and federal sentences were not served concurrently as the state court judge had apparently intended. Furthermore, although Richards received a sentence of 120 months in state court, on November 9, 2016, he was discharged after serving approximately 73 months. *See* ECF No. 69, FN 1.

On March 29, 2018, this Court, acting in the interest of justice, amended Richards' sentence for the drug offense so that it ran concurrently with Richards' state sentence.[1] ECF No. 69. This reduced the time Richards would have been imprisoned by 38 months, and in effect, meant that Richards served the entirety of his drug offense sentence while he was in state custody. However, unlike the drug offense, the firearms offense, by statute, can not be served concurrently. *See* 18 U.S.C. § 924(c); *see also* United States v. Usher, 555 Fed.Appx. 227, 229 (4th Cir. 2014).

Thus, Richards is now imprisoned solely for his firearms offense. Nonetheless, prior to the Court's Order on March 29, 2018, Richards filed the instant Motion specifically requesting a "two level reduction for [his] drug offense[]," ECF No. 42, a reference to Amendment 782 to the U.S. Sentencing Guidelines, U.S.S.G § 2D1.1., which reduced the base offense level for certain drug offenses by two levels. But because Richards has already served the entirety of his drug offense sentence and is presently only serving the remainder of the 60 month, mandatory minimum sentence for his firearm conviction, he is not eligible for the requested sentence reduction.

---

[1] The Court recommended that the Bureau of Prisons, *nunc pro tunc*, correct the record to indicate that Richards' federal sentence began on May 18, 2012. ECF No. 69.

For the foregoing reasons, Richards' Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines is **DENIED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**September 18, 2019**